### No. 7731.

### JENNINGS ET AL. *v.* HOWARD ET AL.

FRAUDULENT CONVEYANCE.—*Complaint.—Allegations as to Insolvency.*—A complaint by creditors to set aside a conveyance, on the ground that it was made to defraud them, need not aver that the debtor had no property subject to execution when the suit was begun. It is enough to allege, that, at the date of the conveyance, the debtor did not have enough property left, subject to execution, to pay all his debts; that by means of it he made himself wholly insolvent, and that he has not since had sufficient property, subject to execution, to satisfy his debts.

SAME.—*Evidence.*—Evidence tending to show the pecuniary circumstances and liability of the grantor at the time of the conveyance, is admissible in a suit by creditors to set aside a conveyance made to defraud them.

SAME.—*Harmless Error.—Instruction.*—In a suit by several creditors to set aside a conveyance as fraudulent, it is not strictly correct to instruct the jury that, to entitle the *plaintiffs* to a verdict, it must be shown that the grantor was indebted to them, or *some* of them, when he made the conveyance; but when the evidence shows that all of them have judgments or demands existing at that time, the error is harmless.

PRACTICE.—*Evidence.—Harmless Error.*—Where evidence is improperly admitted, the exclusion of which would not have changed the result, the error is harmless.

SAME.—*Instructions.*—It is not error to refuse to give correct instructions, if the law as stated in them be embodied in others given.

From the Howard Circuit Court.

*W. A. Brouse* and *J. Risinger,* for appellants.

*M. Bell, M. McDowell, W. C. Pardum, R. Vaile, J. F. Vaile, N. R. Lindsay, T. A. DeLand, J. F. Elliott* and *L. J. Kirkpatrick,* for appellees.

BICKNELL, C. C.—William L. Jennings, being in debt, conveyed land to his brother Elza Jennings, without consideration; his wife joined in the deed; he thereby made himself insolvent. Elza Jennings mortgaged the land to the Equitable Insurance Company, of New London, Connecticut, to secure $8,000, payable to the insurance company by Elza, in five years after date. The appellees, judgment creditors of William L., filed their complaint against him and his wife and Elza and the insurance company, stating the foregoing facts, and alleging that said conveyance was made and accepted, to hinder, defraud and delay them and the other creditors of the grantor, and that the grantee and the insurance company knew all the aforesaid facts, when they took their conveyances respectively. The complaint is in two paragraphs. The first alleges a conveyance made after plaintiffs had obtained their judgments; the second alleges a conveyance made in anticipation of the judgments. The complaint demands that the conveyance be set aside, that the land be declared subject to the judgments, and that the lien of the mortgage be declared junior to the judgment.

Wm. L. Jennings and wife, and Elza Jennings, answered in denial; William L. filed also a second defence, to wit: that some of the plaintiffs were paid; to this the plaintiffs replied in denial. The insurance company was defaulted.

The verdict of the jury was: " We, the jury, find for the plaintiffs."

Motions by defendants for a *venire de novo* and for a new trial were overruled; to these rulings the defendants excepted, and they excepted to each of the instructions given by the court, and to the refusal of each of the instructions they asked for. The court gave judgment that the deed be set aside and held void as against the judgments of the plaintiffs, and that the mortgage be held a junior lien as to said judgments.

The Jennings's appealed. The Equitable Insurance Company was notified of the appeal and declined to join therein; its name is stricken from the record.

The following are the errors assigned:

1st. The complaint does not state facts sufficient to consti-
tute a cause of action.

2d. The court erred in overruling appellants' motion for a
*venire de novo*.

3d. The court erred in overruling the appellants' motion for
a new trial.

There was no demurrer to the complaint; the objection
here to its sufficiency goes to the entire complaint; if either·
paragraph be sufficient the objection amounts to nothing.
*Firestone* v. *Daniels*, 71 Ind. 570.   It is urged against the com-
plaint that it does not aver that the " defendant William had no
property subject to execution when the suit was commenced."
Such an averment was unnecessary.   You must charge in
the complaint, and prove at the trial, not that the defendant
had no property, but that at the date of the deed he did not have
left enough of other property, subject to execution, to pay all
his debts. *Sherman* v. *Hogland*, 54 Ind. 578 ; *Noble* v. *Hines*,·
72 Ind. 12.   ·

The present complaint states : "The said William L. Jen-
nings, at the time of making said deed, did not have sufficient
property remaining, subject to execution, to pay all his said
debts, but by means of said conveyance rendered himself
wholly insolvent, and has not now, nor has at any time since·
said conveyance had, sufficient property, subject to execution,·
out of which said debts could be made."

This was sufficient.   *Price* v. *Sanders*, 60 Ind. 310.   It is·
claimed that the complaint contains no cause of action against
the wife of the grantor, but, in a case of this kind, the error,
as to the sufficiency of the complaint, having been assigned
by all the appellants, it is not available if there be a good
cause of action as to any of them.

The assignment of error upon the refusal to award a *venire·
de novo* is not discussed in the appellants' brief, and is, there-
fore, regarded as waived.   *Williams* v. *Potter*, 72 Ind. 354.

As to the motion for a new trial, it is urged that the ver-

dict was not sustained by the evidence, and was contrary to law, because some of the appellees had been paid.

But the evidence shows that none of the appellees were paid before suit brought; if any one of them had been so paid, the only effect of it would be a reversal of the judgment as to him. Practice Act, section 368. *Steeple* v. *Downing*, 60 Ind. 478, p. 503; *Carmien* v. *Whitaker*, 36 Ind. 509.

Some of the appellees were not judgment creditors when the deed was made, to wit, on October 24th, 1876, but they were all creditors then. And the second paragraph of the complaint charges that the said grantor, being indebted to the appellees in the sums represented by said judgments, made his deed in anticipation of such judgments.

It is claimed that there was not sufficient evidence of fraud in the grantor, nor of fraud in the grantee, nor of want of consideration for the deed; but these were questions for the jury. Fraud is generally proved by circumstances, and the inferences of the jury from the circumstances ought not to be disturbed where there is any evidence tending to support them, whether such inferences are entirely satisfactory to this court or not. We think there was evidence tending to sustain the verdict, and that the verdict was not contrary to law. As to the alleged admission of improper evidence, there was no available error in that respect.

The date of Sarah Newby's note could not have been Feb. 15th, 1877; the evidence shows that its date was Feb. 15th, 1875, before the date of the fraudulent deed. There was no error in the admission of this evidence. It will be observed that Sarah Newby was not one of the plaintiffs.

As to the claim for $130, of Silas La Rue, who was not of the plaintiffs, the evidence offered showed upon its face that this claim arose after the making of the deed alleged to be fraudulent. Its exclusion would not have changed the result. Its admission, therefore, was a harmless error.

As to the record of the suit of Elijah Rayle v. William L. Jennings, upon a breach of warranty, the eviction did not

occur until after the date of the alleged fraudulent deed, but
the covenant was existing at that date, and the evidence was
admissible, as tending to show the circumstances of the grantor,
Jennings, at that time.

As to the instructions to the jury, the court, of its own
motion, gave six written instructions, and the appellants asked
for fourteen written instructions; all of these fourteen were
rightly refused by the court.   Numbers 1, 4, 7, 9, 10, 11, 12
and 14, so far as they properly stated the law, were embraced
in the instructions given by the court.   Numbers 2, 3, 5, 6,
8 and 13 did not properly state the law applicable to the evi-
dence.   No objection is made in the appellants' brief to any
of the instructions given by the court, except those numbered
2 and 3, which are as follows:

"2. To entitle the plaintiffs to a verdict, under this para-
graph, it should be shown by a preponderance of the evidence
in the case, that William L. Jennings was indebted to the
plaintiffs, or some of them, and that, whilst so indebted, he
conveyed his property, or some part thereof, to Elza Jennings,
and that, by reason of such conveyance, William L. Jennings
was rendered insolvent, in whole or in part, and that such
conveyance was so made by the said William L. Jennings
with a fraudulent intent to cheat, hinder or delay his credi-
tors, and that said Elza Jennings took said conveyance with
full knowledge of the fraudulent intent of the said William
L. Jennings in making such conveyance, or that he took it
without paying any consideration therefor.

"3. Fraud is never presumed, but must be proved by the party
claiming its existence; like any other fact or facts, however,
it may be shown by circumstances or circumstantial evidence,
as well as by positive evidence.   If the evidence should show
that William L. Jennings made such a conveyance with a
fraudulent intent, it should likewise show that Elza Jennings
had knowledge of such fraudulent intent, at the time he ac-
cepted such conveyance, before his title could be disturbed.
Actual knowledge is not necessary.   A knowledge of facts

sufficient to excite the suspicion of a prudent man, and to put him on inquiry, or to lead a person of ordinary perception to infer fraud, and the means of knowing, by the use of ordinary diligence, amount to notice and are equivalent to actual knowledge in contemplation of law. If he took the deed without paying a consideration therefor, it is not necessary to show knowledge of a fraudulent intent, on the part of Elza Jennings. Likewise, if the evidence fails to show that by such conveyance William L. Jennings was rendered insolvent, either in whole or in part, such conveyance can not be disturbed, however fraudulent the intent of Jennings in making it."

The complaint avers that William L. Jennings made the deed with intent to hinder, delay and defraud creditors, and also that the deed was made without any consideration; a deed may be set aside by creditors on either of these grounds; if the former alone is relied on, fraud in the grantor must be proved and notice thereof by the grantee, at the time of the execution of the deed. *Brown* v. *Rawlings*, 72 Ind. 505. And also, that when the deed was executed, the grantor had not property left, subject to execution, enough to pay all his then existing debts. *Pfeifer* v. *Snyder*, 72 Ind. 78.

Where the latter ground alone is relied on, viz., want of consideration, that must be proved, and also that the grantor had not property left, subject to execution, enough to pay all his debts, but in such a case no proof need be made as to fraudulent intent in the grantor, or notice thereof by the grantee. *Brown* v. *Rawlings, supra.* In this case, there was evidence tending to establish both of the grounds above mentioned, to wit, that the deed was not only made with the fraudulent intent alleged, but was also a voluntary conveyance, and that the grantee had notice of the fraud, and that the grantor was insolvent when he made the deed.

In view of the evidence, we think there was no substantial error in the instructions objected to; "insolvent in whole" means, without property sufficient to pay any of his debts;

"insolvent in part" means, without property sufficient to pay all his debts. It was not strictly correct to tell the jury that, "to entitle the plaintiffs to a verdict, * it should be shown by a preponderance of the evidence, that William L. Jennings was indebted to the plaintiffs or some of them." The jury ought to have been told that if, as to any of the claims in suit, no indebtedness was proved, then, as to such claims, their finding should be for the defendants.

The last reason for a new trial is that the defendants were surprised at the trial by the impeachment of William L. Jennings; this reason is supported by the affidavit of William L., who swears that, if he had known they intended to impeach his truth and veracity, he could have had "abundance of testimony" to sustain him, which testimony he says he can produce if a new trial be granted. No authority is cited in support of this reason for a new trial. There was no error in overruling the motion for a new trial. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.