Filed March 14, 1894.

———————◆———————

No. 17,174.

RAINS v. THE STATE.

CRIMINAL LAW.—*Larceny of Money.*—*Description, Sufficiency of.*—In an indictment for larceny of money it is sufficient to simply describe it as money, without specifying any particular coin, note, bill or currency.

SAME.—*Robbery.*—*Included Offense.*—*Larceny.*—The crime of robbery includes the offense of larceny, and the defendant may be convicted of larceny under a charge of robbery.

SAME.—*Robbery.*—*Taking from the Person, what Constitutes.*—A felonious taking of the stolen property by violence or putting in fear, from the presence of the person robbed, may constitute robbery.

SAME.—*Harmless Error.*—*Instruction to Jury.*—*Robbery.*—*Larceny.*—An instruction relating only to the crime of robbery, if erroneous, amounts only to harmless error where the defendant was convicted of larceny.

SAME.—*Instruction to Jury.*—*Robbery.*—*The Thing Taken.*—Where the jury were instructed, in a charge of robbery, that the taking of the "pocket-book" would make the defendant guilty, such instruction

was not erroneous in the light of the uncontradicted evidence that the pocket-book contained ninety dollars in money.

SAME.—*Instruction to Jury.*—*Amendment by Court.*—In such case, the defendant asked the following instruction: "You should not allow the fact, if from the evidence you conclude it is a fact, that the defendant was, at the time alleged, guilty of winning the money mentioned in the indictment, from said Adams, by gambling, or by any wrongful means, other than those charged in the indictment, to influence you in making up verdict in this case, but should consider the case wholly and dispassionately with reference to the offense charged," to which the court added, "and if the evidence is sufficient to remove all reasonable doubt of the defendant's guilt, you should find the defendant guilty."

*Held*, that there was no harm in giving the instruction as amended.

SAME.—*Instruction to Jury.*—*Amendment by Court.*—*Reasonable Doubt.*— To an instruction asked by the defendant, that the State must prove every element material of the offense charged to your satisfaction, beyond a reasonable doubt, the court added: "And to the satisfaction of each member of the jury."

*Held*, that the instruction as amended was correct.

MISCONDUCT OF JURY.—*Affidavit.*—*Bill of Exceptions.*—If misconduct of a juror is sought to be established by affidavit, the affidavit must be brought into the record by bill of exceptions.

SAME.—*Criminal Law.*—*Defendant's Failure to Testify.*—*Comment on.*— *Inquiry.*—Where, in a criminal action, after the defendant had rested his cause, one of the State's attorneys spoke in a loud tone of voice, loud enough to be heard by the jury, and said: "Ain't you going to examine the defendant?" to which language the defendant's counsel excepted, the court will presume, in the absence of any showing to the contrary, that such inquiry was made in good faith, and that no injury was done the defendant.

From the Madison Circuit Court.

*W. A. Kittinger, L. M. Schwinn, E. B. Goodykoontz* and *G. M. Ballard*, for appellant.

*A. G. Smith, Attorney General*, and *B. H. Campbell*, for appellee.

McCABE, J.—The appellant was tried and convicted in the court below, on the following indictment:

"The grand jury, within and for Madison county, and State of Indiana, duly and legally impaneled, charged and sworn to inquire into all felonies and certain mis-

demeanors, in and for the body of said county of Madison, in the name and by the authority of the State of Indiana, on their oath, do present and charge that Charles Rains and Jasper Riggsby, late of said county, on the —— day of ———, A. D. 1892, at said county and State aforesaid, did then and there unlawfully, feloniously, violently and forcibly make an assault upon one William Adams, and did then and there and thereby feloniously, violently and forcibly, by violence, steal, take and carry away from said William Adams ninety-four dollars and fifty cents in lawful money, of the property of said William Adams, then and there of the value of ninety-four dollars and fifty cents, contrary to the form of the statute, etc.''

The errors assigned call in question the action of the trial court in overruling the motion to quash the indictment, and overruling the motion for a new trial.

A charge of larceny is always included in a charge of robbery. The indictment, therefore, should contain all the allegations essential in larceny, with the added matter that makes the larceny robbery. 2 Bish. Crim. Proced., sections 1001, 1002; *Hickey* v. *State*, 23 Ind. 21.

The objection to the indictment, as a charge of robbery, is that it does not charge a taking from the person of the prosecuting witness.

It will be unnecessary to decide the question thus raised, if the indictment contains a good charge of larceny. The objection to it, as a charge of larceny, is that it does not charge the money to be lawful money of the United States or any other country.

It is sufficient, under our criminal code, in charges of this kind, to charge the thing taken or stolen to have been money, simply, without specifying any particular coin, note, bill, or currency. 1 Burns' Rev. 1894, section 1819; *Lewis* v. *State*, 113 Ind. 59.

The indictment, therefore, at least contains a good charge of larceny.

The verdict was to the effect that the jury found the defendant guilty as charged, without any other specification to the crime. The judgment on the verdict was as follows:

"It is therefore ordered and adjudged by the court, that the defendant, Charles Rains, be imprisoned in the State prison north for and during the period of two years, and fined in the sum of one dollar, and disfranchised for two years."

The punishment inflicted is within the limits fixed for grand larceny. 1 Burns' Rev. 1894, section 2006.

So we find the charge in the indictment contains a good charge of grand larceny, and the defendant was found guilty of that charge, and the punishment affixed by the verdict and judgment is such as the law authorized for grand larceny; therefore, there was no error in overruling the motion to quash.

In *Hickey* v. *State, supra,* being a prosecution for larceny, the evidence proved a clear case of robbery; the conviction for larceny was sustained by this court, on the ground that larceny was included within robbery, and, in proving robbery, the State necessarily proved the smaller offense of larceny.

In the case at bar, the indictment and evidence both, at least, made a case of larceny.

Among the grounds assigned for the motion for a new trial is misconduct of one of the jurors. Such misconduct is attempted to be established by appellant's affidavit, but the affidavit is not brought into the record by a bill of exceptions. It is necessary to prove the alleged misconduct, and when attempted by an affidavit, it must be brought into the record by bill of exceptions. *Elbert* v. *Hoby,* 73 Ind. 111; *Beck* v. *State,* 72 Ind. 250; *Mc-*

*Daniel* v. *Mattingly,* 72 Ind. 349; Elliott's App. Proced., 817.

Therefore, the record presents no question as to the alleged misconduct.

The next ground urged for a new trial is misconduct of an attorney appointed by the court to assist in the prosecution. At the close of the evidence for the defense, and after his counsel had announced, in the presence and hearing of the jury, that said defendant had rested his cause, the assistant prosecutor spoke in a loud tone of voice, loud enough to be heard by the jury, and said: "Ain't you going to examine the defendant?" to which language the defendant's counsel excepted.

He did not ask any relief from the court; he did not ask the court to properly admonish the jury, or to reprimand the attorney. Indeed, from aught that appears in the record, the appellant and his counsel seem to have regarded the remark as having been made in good faith, unless the exception taken indicated the contrary. It is easy to see that such an inquiry might be made in good faith, and, if so made, it would hardly be calculated to injure a defendant who does not testify on his own behalf. It is true the statute forbids that his failure to testify shall be commented on or referred to in argument. 1 Burns' Rev. 1894, section 1867.

The language used was not in argument or in the course of comment on the evidence, nor was it a comment on the defendant's failure to testify. It, therefore, does not come within the provisions of the statute. It is possible that such an inquiry as the one in question might have been made in such a tone and with such a look and gesture as to amount to an evasion of the statute, but nothing of that kind appears in the record; and the presumption being in favor of good faith, we are justified in presuming that the inquiry was made in

good faith, for a proper purpose.   If the facts were other-
wise it was incumbent on the appellant to make it ap-
pear affirmatively by the record.

We have often held that the action of the trial court
would be presumed to be correct until the record affirm-
atively shows to the contrary.   *Lime City, etc., Ass'n* v.
*Black,* 136 Ind. 544, and cases there cited; *Heltonville
Mfg. Co.* v. *Fields,* 36 N. E. Rep. 529; Elliott's App.
Proced., section 292.

Complaint is made of the following instruction:

"8th.  If you find that Riggsby was holding Mr.
Adams, and that Adams, to keep defendants from tak-
ing his money, threw his pocket-book down on the ground
and tried to kick the same under a railroad tie, and the
defendant Rains picked it up and ran away with it, then
the fact, if it be a fact, that the defendant did not get
the pocket-book out of the pocket of Adams, but off
the ground where Adams had thrown it, would not make
the act any the less robbery."

We see no objection to this instruction as a statement
of the law in relation to the crime of robbery.   Under
the circumstances supposed in the instruction the taking
would be from the person.   The instruction was evi-
dently intended to cover only one element of the crime
of robbery, that element being what it takes to constitute
a taking from the person.

A felonious taking by violence or putting in fear from
the presence of the person robbed may constitute the
crime of robbery.   Gillett Crim. Law, section 740, and
authorities there cited; *People* v. *Glynn,* 54 Hun (N. Y.),
332; 21 Am. and Eng. Encyc. of Law, 434.

If it be said that the instruction was inapplicable unless
the indictment contains a good charge of robbery, it may
be answered that the instruction was harmless, because,
as before observed, the crime of larceny is embraced

within the crime of robbery, and takes less to constitute it than that of robbery. To constitute larceny it was not necessary to show a taking from the person or the presence of the prosecuting witness.

We, therefore, hold that there was no prejudicial error in giving the instruction, so far as that element of the crime is concerned; nor could it harm appellant, treating the indictment as containing nothing more than a charge of larceny. Because, if, through the instruction, the jury were led to find the defendant guilty of robbery, yet he was not harmed, because all the elements of larceny of the money described in the indictment are necessarily found against him in finding him guilty of robbery. *Hickey* v. *State, supra.*

It is further complained that the instruction, in substance, tells the jury that the taking of the pocket-book would make the appellant guilty, whereas, it was money he was charged with taking, and not a pocket-book. This instruction was given in the light of the uncontradicted evidence, which showed that the pocket-book contained ninety dollars in money.

The instruction fairly implies that the money was in the pocket-book, and, in the light of the undisputed testimony, it could not have misled the jury.

Among the instructions asked by the appellant was the following:

"6th. You should not allow the fact, if from the evidence you may conclude it is a fact, that the defendant was, at the time alleged, guilty of winning the money mentioned in the indictment from said Adams by gambling, or by any wrongful means, other than those charged in the indictment, to influence you in making up your verdict in this case, but should consider the case wholly and dispassionately with reference to the offense charged."

The court gave this instruction after adding thereto the following:

"And if the evidence is sufficient to remove all reasonable doubt of the defendant's guilt, you should find the defendant guilty."

To this modification appellant excepted. The objection to it is that it means that if they find the appellant won the money by gaming, beyond a reasonable doubt, then they must find him guilty. We are of opinion the instruction, as modified, bears no such construction. There was, therefore, no error in giving the instruction as modified.

The second instruction asked by the appellant, and given, was as follows:

"2d. The law presumes every man to be innocent, and, in this case, the burden of proof is upon the State, and to entitle her to a conviction of the defendant, she must prove every element material of the offense charged to your satisfaction, beyond a reasonable doubt," to which the court added: "And to the satisfaction of each member of the jury."

This modification was excepted to, but no reason is suggested, in the brief of appellant, why the instruction, as modified, is not a correct statement of the law, or in what way the modification worked any harm to appellant, nor do we see any reason he has to complain of such modification.

Complaint is made of the court's refusal to give the third and fifth instructions requested by appellant, which read as follows:

"3d. The defendant is presumed to be innocent until his guilt is established by such evidence as will exclude every reasonable doubt, and the law requires that no man shall be convicted of a crime until each and every one of the jurors are satisfied, by the evidence in the

case, to the exclusion of every reasonable doubt, that the defendant is guilty as charged. So, in this case, if the jury entertain any reasonable doubt of the defendant's guilt, they should acquit him; or, if any one of the jury, after having considered all the evidence, and after consulting with his fellow jurymen, still entertain such reasonable doubt, the jury can not, in such case, find the defendant guilty.''

''5th. If, after considering and weighing the evidence carefully, and consulting with each other, there remains in your minds, or the mind of any one of you, a reasonable doubt as to whether the defendant in this case won the money of said Adams by playing cards and gambling with him, or took it from him by force and violence, as charged in the indictment, then you can not convict the defendant in this case.''

The sixth instruction covered the same ground as the fifth, just quoted, and, therefore, the refusal of the fifth was no error, even if it was a correct statement of the law.

The refusal of instructions, the substance of which is embraced in other correct ones given, is a harmless error, though the refused instructions are correct statements of the law. *State, ex rel.,* v. *Sutton,* 99 Ind. 300; *Blizzard* v. *Applegate,* 77 Ind. 516; *Jennings* v. *Howard,* 80 Ind. 214; *Williamson* v. *Yingling,* 80 Ind. 379; *Hauss* v. *Niblack,* 80 Ind. 407; *Pittsburgh, etc., R. W. Co.* v. *Martin,* 82 Ind. 476; *Pittsburgh, etc., R. W. Co.* v. *Sponier,* 85 Ind. 165; *City of Evansville* v. *Wilter,* 86 Ind. 414; *Terry* v. *Shively,* 93 Ind. 413; *Louisville, etc., R. W. Co.* v. *White,* 94 Ind. 257; *Atkinson* v. *Dailey,* 107 Ind. 117; *National Benf. Ass'n* v. *Grauman,* 107 Ind. 288; *Heltonville Mfg. Co.* v. *Fields, supra.*

The substance of the third instruction refused was embraced in the second, as modified and given, and the

substance of the fifth was embraced in the sixth as given. Therefore, the refusal of the third and fifth was not error.

It is last insisted that the evidence is not sufficient to support the verdict. It is not claimed, however, that the testimony of the prosecuting witness, if believed, is not amply sufficient to support the verdict; but, it is contended, that it is contradicted by other witnesses and the circumstances, and ought not to have been believed by the jury.

Whether the jury correctly and properly weighed the testimony, is an inquiry upon which the law does not permit us to enter.

The evidence in support of the verdict being amply sufficient to establish every element of the crime of larceny charged, this court can not look into the opposing testimony to determine its weight or influence in opposition to the verdict. Our duties relative thereto are at an end when we find the evidence in support of the verdict sufficient, when considered alone, to establish every essential fact alleged in the indictment. This has been so often decided by this court that a citation of the cases would needlessly extend this opinion.

Having examined all the rulings complained of in appellant's brief, we find no available error for which the judgment ought to be reversed. Therefore, the judgment is affirmed.

Filed Feb. 22, 1894.