WELCH ET AL. *v.* STATE OF INDIANA.

[No. 24,386. Filed April 8, 1924. Rehearing denied July 2, 1924.]

1. ROBBERY.—*Right of Possession.—Indictment.—Sufficiency.— Presumptions.*—An indictment for robbery alleging that the property was taken from the person of "H." is equivalent of an allegation that he was in possession of the property and it will be presumed his possession was lawful, unless the contrary appears. p. 88.

2. ROBBERY.—*Right of Possession.—Indictment.—Sufficiency.*— An indictment for robbery alleging that the property belonged to a third person, is sufficient to allege that it was not the property of the defendant. p. 89.

3. CRIMINAL LAW.—*Motion for New Trial.—Newly-Discovered Evidence.*—A motion for a new trial on grounds of newly-discovered evidence, which would have no effect except to impeach or contradict a witness for the state was properly overruled. p. 90.

4. APPEAL.—*Record.—Bill of Exceptions.—Instructions.—Presumptions.*—If it does not affirmatively appear that the bill of

exceptions contains all of the instructions, the court will presume that it does not contain all of them. p. 90.

5. CRIMINAL LAW.—*Appeal.*—*Record.*—*Bill of Exceptions.*—*Instructions.*—*Presumptions.*—Unless the record affirmatively, shows that it contains all instructions given, the court on appeal will not reverse a conviction on account of error in giving or refusing instructions, but will indulge in all reasonable presumptions in favor of the action of the lower court and presume that those set out are not all that were given. p. 91.

From Sullivan Circuit Court; *Walter A. Wood,* Judge.

Prosecution by the State of Indiana against Laurel Welch and Harry Buckley. From a judgment of conviction, the defendants appeal. *Affirmed.*

*Martin L. Pigg* and *Lindley & Bedwell,* for appellants.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—The appellants were charged, in an indictment in two counts, with the crime of robbery. The court sustained a motion to quash the first count. Appellants were tried and convicted upon the second count.

They assign as error the overruling of their motion to quash the second count of the indictment and also the overruling of their motion for a new trial.

1. The second count of the indictment was as follows: "Second Count. And the said Grand Jurors on their further oaths present that on the 22nd day of July, 1922, at said County and State aforesaid, Laurel Welch, Harry Buckley, Viola Ring and Katherine Swartzlander did then and there unlawfully, feloniously and forcibly by violence and by putting Fred Houpt in. fear, take, rob and steal from the person of the said Fred Houpt, Seventy (70) Dollars in money belonging to the Standard Oil Company of Indiana, contrary to

the form of the statute in such cases made and provided and against the Peace and Dignity of the State of Indiana."

Appellants urge that this indictment is not sufficient because it does not allege that appellants did not have the right to take said money for and on behalf of the owner, and also because it does not aver that Fred Houpt, the person who was robbed, had any right to the possession of the same as against appellants. It is alleged that the property was taken from the person of said Fred Houpt, which is equivalent to an allegation that he was in possession of the same, and it will be presumed, unless the contrary appears, that his possession was lawful.

It is alleged that the property belonged to the Standard Oil Company of Indiana, which is a sufficient allegation that it was not the property of appellants. The only requirement as to ownership is an averment which shows that it was not the property of the person alleged to have committed the robbery, but of some other named person.

2.

Appellants do not cite any authority to sustain their contention.

The same objections were urged against the indictment in the case of *People* v. *Shuler* (1865), 28 Cal. 490, where it was expressly held that it was not necessary to allege the nature of the possession of the person robbed, but that it was sufficient to allege the ownership in one person, and that it was taken from the person of another. To the same effect was the case of *Danzey* v. *State* (1899), 126 Ala. 15, 28 So. 697, where it was held that it was not necessary to allege that the person from whom the property was taken was lawfully in possession, or that he was the legal custodian of the money, the possession of the money by the person from

whom it was taken being *prima facie* presumed to be lawful.   See, also, *State of Nevada* v. *Nelson* (1876), 11 Nev. 334.

The appellants' objections to the indictment are not well founded.

One of the causes stated in appellants' motion for a new trial was newly-discovered evidence.   The alleged new evidence would have no effect except as it might tend to impeach or contradict a witness for the state.   Where that would be the only effect of proposed new evidence, it is well settled that a new trial will not be granted on account thereof. *Spaulding* v. *State* (1904), 162 Ind. 297; *Meurer* v. *State* (1891), 129 Ind. 587; *Sutherlin* v. *State* (1886), 108 Ind. 389; *Morel* v. *State* (1883), 89 Ind. 275.

All other propositions urged by appellants relate to the correctness of instructions given and those requested by appellants and refused.

Appellants filed a bill of exceptions containing certain instructions given by the court and certain instructions requested by the appellants and refused by the court, but it does not appear from said bill that it contains all the instructions which were given.   When it does not affirmatively appear that the bill of exceptions contains all the instructions which were given, this court will presume that it does not contain all of them.

As said in the case of *State* v. *Winstandley* (1898), 151 Ind. 495, 51 N. E. 1054, "In such case the presumption is that the substance of the instructions asked was embraced in the instructions given by the court which are not contained in the bill of exceptions, and that, if any instructions given by the court, and set out in the bill of exceptions, are erroneous, they were corrected or withdrawn by other instructions given by the court, and not set forth in the record."

In view of the presumption in favor of the action of the trial court, we cannot reverse a cause, on account of any instructions given or refused, unless the record affirmatively shows that it contains all the instructions given, and just because the record does contain certain instructions given, we cannot indulge the presumption that those set out are all that were given. *Bennett* v. *State* (1919), 188 Ind. 380, and cases cited therein.

Appellants not having pointed out any reversible error, the judgment is affirmed.

Willoughby, J., absent.