LUNCE, REYNOLDS *v.* STATE OF INDIANA.

[No. 29,135. Filed October 18, 1954. Rehearing denied December 8, 1954.]

*James C. Cooper,* Public Defender, and *Perry W. Cross,* Deputy Public Defender, for appellants.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellee.

FLANAGAN, C. J.—Appellants were charged with the offense of robbery as defined by Burns' 1942 Replacement, §10-4101. They were found guilty by a jury.

The only question presented to us is whether due process of law was denied appellants because they were represented by incompetent counsel. Reliance for reversal is placed upon the decision in *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848.

The case of *Wilson* v. *State* should be read in the light of its own factual background. It should not be used as an excuse to ask this court to review the wisdom of the strategy of each lawyer who tries a law suit.

The court in the *Wilson case* made it clear (page 83 of 222 Ind., page 856 of 51 N. E. 2d) when it said:

"We do not hold that a defeated litigant in every or the usual case where his attorney has ignorantly or carelessly failed to save and present an error may nevertheless have it reviewed and made the basis of reversal of the judgment. Ordinarily procedural rules must be observed by litigants and may not be ignored by reviewing courts. To hold otherwise would invite appeals and violate precedents that have given necessary order and stability to our appellate practice. . . . When, as here, there has been such a lack of representation as to be equivalent to or worse than no representation whatsoever and as a result thereof the judge misused the opportunity thus given to impress upon the jury his view that the defendant was guilty and ought to be convicted, we are left with no alternative but to exercise the power that is in this court to remand the cause for such a trial as will not deny but will afford to the accused the protection guaranteed by our Bill of Rights and the Constitution of the United States."

No good would result from setting forth the many minor errors with which appellants' lawyer is charged of having been guilty. It is sufficient to say that they did not approach anything that would permit the conclusion that "there has been such a lack of representation as to be equivalent to or worse than no representation whatsoever."

Judgment affirmed.

Bobbitt and Draper, JJ., concur.

Emmert, J., dissents with opinion in which Gilkison, J., concurs.

### DISSENTING OPINION

EMMERT, J.—This is a delayed appeal granted by us from a judgment on a verdict finding both appellants guilty of robbery, upon which they were sentenced to

the Indiana State Prison for a term not less than ten nor more than 25 years, and disfranchised for a period of ten years.

From the records in our Clerk's office and the transcript, it appears that appellants were represented at the time of trial by Louis C. Capelle of Cincinnati, Ohio. Our roll of attorneys fails to show him admitted to practice law in this state. He forwarded to our Clerk what purported to be a transcript and a separate bill of exceptions containing the evidence, which did not comply with our rules, nor did he attempt to file any assignment of errors. See Rule 2-3. By a letter of July 2, 1953, to this court he directed the records be sent to the appellants at the state prison. Since then he has made no effort to pursue this attempted appeal. In order to safeguard the constitutional rights of appellants we directed the Public Defender to represent appellants, and on his verified petition we granted the delayed appeal.

The Public Defender has squarely raised the issue that appellants were denied the right to competent counsel under §13 of Article 1 of the Constitution of Indiana, and under the Due Process Clause of the Fourteenth Amendment. The only way we can judge the competency of counsel here is from the record he made, and from this record it clearly appears appellants were denied representation by competent counsel under both Constitutions.

When a lawyer from another state as a matter of courtesy is permitted to appear and represent an accused in one of our courts under Rule 3-2,[1] we cannot presume he is professionally qualified to take sole charge

---

1. "Any member of the bar of another state in good standing may be permitted, as a matter of courtesy, to appear as such in the courts of this state." Rule 3-2.

of the defense of an accused. Indeed, if any presumption should be drawn, it should be in the first instance that he is not qualified to take the grave duty of safeguarding the legal and constitutional rights of his clients. The record here shows beyond doubt a gross failure on the part of appellants' counsel to discharge his duty as a lawyer "to present every defense that the law of the land permits," and is in striking contrast to the proper conduct of Mr. Roddy, a Tennessee lawyer, who refused to appear for the defendants in an Alabama court without the appointment of Alabama counsel to take charge of the defense in *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527.

The dissenting opinion in *Johns* v. *State* (1949), 227 Ind. 737, 741, 744, 745, 89 N. E. 2d 281, called attention to the requirements for competent representation for an accused as laid down by the Canons of Ethics of the American Bar Association. Canon 5 provides:

> "It is the right of the lawyer to undertake the defense of a person accused of crime, regardless of his personal opinion as to the guilt of the accused; otherwise innocent persons, victims only of suspicious circumstances, might be denied proper defense. Having undertaken such defense, *the lawyer is bound by all fair and honorable means, to present every defense that the law of the land permits,* to the end that no person may be deprived of life or liberty, but by due process of law." (Italics added.)

Canon 15 provides:

> "The lawyer owes 'entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights and the exertion of his utmost learning and .ability,' to the end that nothing be taken or be withheld from him, save by the rules of law, legally applied. No fear of judicial disfavor or public unpopularity should restrain him from the full discharge of his duty. *In the judicial*

*forum the client is entitled to the benefit of any and every remedy and defense that is authorized by the law of the land, and he may expect his lawyer to assert every such remedy or defense. . . . ."* (Italics added.)

As suggested by the dissenting opinion, the majority affirmance of the judgment was a futile act, for Johns subsequently filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Indiana, which was sustained in an opinion by Judge Swygert, filed July 15, 1953, which adopted the views of the dissenting opinion. 122 Fed. Supp. 921. It is not a pleasant task for this court to say an accused has had incompetent representation by counsel in the trial court, yet if we are going to uphold our own Constitution and the Fourteenth Amendment, it is our duty to so decide when the record clearly discloses the fact.

The affidavit charged appellants "on the 18th day of August, 1952, at said County of Ripley and State of Indiana, did then and there unlawfully, and feloniously take, steal, and carry away of *personal property in the custody of Paul McCullough,* to-wit: one 1950 Buick Automobile of the probable value of $1,500.00 by violence in that they did beat, strike and wound said Paul McCullough," contrary, etc. (Italics added.) It is not necessary to decide here whether this constitutes a sufficient charge of robbery, but it is sufficient to note that counsel who was familiar with the Indiana statutes and decisions on robbery, or who had made some research on the subject-matter, would have filed a motion to quash this charge, and if it had been overruled would have followed it then by a motion in arrest of judgment at the proper time. "A charge of larceny is always included in a charge of robbery. The indictment, therefore, should contain all the allegations

essential in larceny, with the added matter that makes the larceny robbery. 2 Bish. Crim. Proced., sections 1001, 1002; *Hickey* v. *State*, 23 Ind. 21." *Rains* v. *State* (1894), 137 Ind. 83, 85, 36 N. E. 532. See also *Jacoby* v. *State* (1936), 210 Ind. 49, 55, 199 N. E. 563.

"The statutory definition of the crime of grand larceny (§10-3001, Burns' 1942 Replacement) requires that the name of the owner of the stolen property be averred in the affidavit.

"It is not essential that the absolute ownership be in the person alleged to be the owner. It is sufficient if the evidence shows him to be in possession of the property as bailee, agent, trustee, executor or administrator. *State* v. *Tillett* (1909), 173 Ind. 133, 89 N. E. 589." *Rhoades* v. *State* (1946), 224 Ind. 569, 573, 70 N. E. 2d 27.

However, mere custody is not possession. *Warren* v. *State* (1945), 223 Ind. 552, 62 N. E. 2d 624; *Williams* v. *State* (1905), 165 Ind. 472, 477, 75 N. E. 875, 2 L. R. A. (N. S.) 248; *Jones* v. *State* (1877), 59 Ind. 229; Clark and Marshall, Law of Crimes (2d ed.) 442, §313(b). The charge here is very different from the charges in *Chizum* v. *State* (1932), 203 Ind. 450, 180 N. E. 674, and *Welch* v. *State* (1924), 195 Ind. 87, 143 N. E. 354, which stated the personal property belonged to owners other than the one assaulted. The larceny in each case was clearly charged.

Appellants' trial counsel did not exercise ordinary legal skill in excluding incompetent evidence. Without objection, several times he permitted incompetent hearsay evidence damaging to appellants to be introduced. There could be no excuse for this.

At the request of appellants a jury was called and impaneled. But this was done without the benefit or assistance of local counsel, who generally make some

independent investigation as to members on the regular and special panels, and are in a better position to exercise the right of peremptory challenge.

Appellants' counsel failed to protect his clients by instructions. He requested three instructions, two of which were properly refused by the court. The one given discloses appellants' counsel did not know the difference between mere custody and possession. A careful lawyer would have objected to Instruction No. 12, and preserved the exceptions under Rule 1-7. Nor did he request any instructions on the effect of intoxication. The record beyond a dispute shows what happened was the result of a drunken orgy begun in Cincinnati and culminated in Indiana, and if ever a case was proper to instruct on the effect of intoxication, this was it. See *Eastin* v. *State* (1954), 233 Ind. 101, 117 N. E. 2d 124.

Nor was he familiar with the Indiana law on included offenses in robbery. The court did instruct that larceny was an included offense, although not requested to do so by appellants' counsel. However, that was only part of the law on the subject-matter. In *Hazlett* v. *State* (1951), 229 Ind. 577, 99 N. E. 2d 743, we decided that where an affidavit charged robbery by violence, such charge included the lesser offenses of assault and battery with intent to commit a felony, assault with such intent, assault and battery, and a simple assault. Appellants' counsel made no request for such instructions, nor were such instructions given.

Within the thirty-day period, appellants' counsel filed a motion for new trial as follows:

"Irregularities in the proceedings of the Court or jury, or for any order of the Court of abuse of discretion by which defendants were prevented from having a fair tial.

"The jury has received and considered any evi-

dence, paper or document not authorized by the Court.

"Error of law occurring at the trial.

"The verdict of the jury is contrary to law and is not sustained by sufficient evidence."

In only one respect does it comply with §9-1903, Burns' 1942 Replacement, and the decisions thereunder. Further comment on this defective motion is unnecessary.

There can be no doubt that an accused is entitled to competent counsel when he is placed upon trial for his liberty or life, both under our Constitution and the Fourteenth Amendment. *Abraham* v. *State* (1950), 228 Ind. 179, 91 N. E. 2d 358; *Sanchez* v. *State* (1927), 199 Ind. 235, 157 N. E. 1; *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. 2d 129; *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 29 N. E. 2d 405, 130 A. L. R. 1427; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848; *Rhodes* v. *State* (1927), 199 Ind. 183, 156 N. E. 389; *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773; 26 Ind. L. Jl. 234; *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527, *supra.*

The record here discloses the trial court did appoint William D. Schroder of Ripley County as counsel to represent appellants as paupers. This was not done until after the arraignment, at which time appellants entered a plea of not guilty, although as a matter of law they should have had counsel appointed before entering a plea. Thereafter, Louis C. Capelle of Cincinnati entered his appearance for appellants, and it is not disclosed who compensated him. However, if trial counsel was chosen by appellants' friends or relatives, the constitutional rights to counsel are not waived. The mere fact that an accused, his friends or relatives choose counsel who give incompetent representation

cannot make incompetent representation competent. Accused laymen are not in a position to conduct a bar examination on criminal law. They are at the mercy of the court charged with the duty of protecting their constitutional rights. In *Sanchez* v. *State* (1927), 199 Ind. 235, 157 N. E. 1, *supra,* even though counsel was employed by the accused, where the record discloses incompetent representation, the judgment was reversed. The holding in this case was approved in *Abraham* v. *State* (1950), 228 Ind. 179, 185, 91 N. E. 2d 358, *supra,* where we held: "This right is not defeated merely because an accused himself employs incompetent counsel who affords inadequate representation." See also *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848, *supra.*

Rule 3-2, which permits any member of the bar of another state in good standing to appear in the courts of this state, is not a mandatory requirement, cannot be construed as a rule creating a prima facie presumption of competency, and of course could not dispense with our constitutional requirement for competent counsel. In the light of the record here which may be paralleled many times in the future, Rule 3-2 should be amended to prohibit any member of the bar of another state from undertaking the defense of an accused charged with crime without the assistance of a member of the bar of this state.

The judgment should be reversed and a new trial ordered.

Gilkison, J., concurs in this dissent.

NOTE.—Reported in 122 N. E. 2d 5.