**Charles H. LUNCE and John R. Reynolds, Petitioners-Appellees,**

v.

**Alfred F. DOWD, Warden of the Indiana State Prison, Respondent-Appellant.**

**No. 12384.**

United States Court of Appeals Seventh Circuit.

Dec. 3, 1958.

Robert M. O'Mahoney, Deputy Atty. Gen., Edwin K. Steers, Atty. Gen., John A. Pushor, Whiteland, Ind., for appellant.

Robert S. Baker, Indianapolis, Ind., Thomas A. Hoadley, Deputy Public Defender, Bloomington, Ind., for appellees.

Before DUFFY, Chief Judge, and HASTINGS and KNOCH, Circuit Judges.

HASTINGS, Circuit Judge.

This appeal is from an order of the district court granting a petition for a writ of habeas corpus and discharging two prisoners from the custody of the Warden of the Indiana State Prison following a hearing pursuant to the remand of this court in Lunce v. Overlade, 7 Cir., 1957, 244 F.2d 108.

On November 17, 1952, after a jury trial in the Circuit Court of Ripley County, Indiana, petitioners-appellees, Charles H. Lunce and John R. Reynolds, were found guilty of the crime of robbery and were sentenced to imprisonment in the Indiana State Prison for a period of not less than ten years nor more than twenty-five years. Commitment to this prison followed and they commenced the service of their sentences and were continuously so confined there until their release from custody on May 23, 1958 under the order complained of in this appeal.

The Supreme Court of Indiana granted petitioners a delayed appeal from the judgment of conviction in Ripley County, prosecuted in their behalf by the Public Defender of Indiana, and, on October 18, 1954, affirmed, with two members of the court dissenting. Lunce v. State, 1954, 233 Ind. 685, 122 N.E.2d 5. The sole question presented in the Indiana appeal was whether due process of law was denied appellants in their trial because they were represented by incompetent counsel. The majority opinion disposed of this issue briefly with this statement:

> "No good would result from setting forth the many minor errors with which appellants' lawyer is charged of having been guilty. It is sufficient to say that they did not approach anything that would permit the conclusion that 'there has been such a lack of representation as to be equivalent to or worse than no representation whatsoever.'" (quoting from Wilson v. State, 1943, 222 Ind. 63, 83, 51 N.E.2d 848, 856). Lunce v. State, supra, 233 Ind. at page 686, 122 N.E.2d at pages 5–6.

Petition for certiorari was thereafter denied by the Supreme Court of the United States, Lunce v. State, 349 U.S. 960, 75 S.Ct. 890, 99 L.Ed. 1283.

On July 18, 1956, petitioners applied to the United States District Court for the Northern District of Indiana for a writ of habeas corpus, their sole claim for relief again being that they had been denied due process of law because of the incompetence of the lawyer who conducted their defense in the state court. On motion of respondent,[1] the petition for the writ was dismissed without requiring respondent to answer and without a hearing, the district court being in accord with and giving full weight to the result reached by the Supreme Court of Indiana, the same questions having been raised on appeal to that court, Brown v. Allen, 1953, 344 U.S. 443, 463–465, 73 S.Ct. 397, 97 L.Ed. 469, and petitioners having been "represented by counsel of their own choice."

---

1. Respondent was J. Ellis Overlade, Warden of the Indiana State Prison, since succeeded by Alfred F. Dowd as Warden, appellant herein.

Our court in its opinion on remand by Judge Swaim, Lunce v. Overlade, 7 Cir., 1957, 244 F.2d 108, gave full consideration to the charges of incompetence against petitioners' trial counsel as set out in their original petition for habeas corpus and found in the dissenting opinion in Lunce v. State, supra, 233 Ind. at page 686, 122 N.E.2d at page 6. Some of the allegations in the petition were stricken by the district court at the hearing on remand, but the claim for relief remained substantially the same, and this opinion need not be burdened with the details of the incompetence charged.

We deem it pertinent to quote further from our opinion in the prior appeal in this case:

"We believe that petitioners' allegations set forth a prima facie violation of federal constitutional rights, and since there has been no determination, either by a review of the trial record or by a hearing of evidence, as to whether petitioners, in fact, are imprisoned in violation of their constitutional rights * * the cause [is] remanded for further proceedings in conformity with this opinion.

\*  \*  \*  \*  \*  \*

" * * * In the instant case the federal judge may look to the state proceeding for such light as it may shed on the historical facts, but it is for the federal judge to assess on the basis of such facts the fundamental fairness of petitioners' conviction with such counsel as they had. If petitioners establish by adequate and competent proof the pertinent allegations contained in their petition for habeas corpus we think they will have shown that their conviction was so lacking in fundamental fairness that it cannot be sustained." Lunce v. Overlade, supra, 244 F.2d at pages 110–111.

In compliance with our remand the district court held a full hearing at which there was testimony by petitioners, Lunce and Reynolds, their attorney who represented them in the trial in Ripley County, and the deposition of the sheriff of Ripley County at the time of the trial there. In addition the district court had before it the transcript of the record of the proceedings had upon the arraignment of petitioners and their subsequent trial in the Ripley Circuit Court, a certified copy of their original commitment, various letters written by petitioner, Lunce, while in prison, to his trial counsel, an affidavit of this trial counsel, and a transcript of the record on petitioners' appeal to the Supreme Court of Indiana. The hearing was followed by the submission of briefs by petitioners and respondent. Subsequently, the district court made its findings sustaining petitioners in their allegations charging incompetency of their trial counsel and entered the order from which this appeal is taken. Among other things the court found that:

"Mr. Capelle [petitioners' trial attorney] is to be commended for attempting to aid two men charged with a serious crime at a time when they were without friends, money or counsel. However, after hearing the testimony of this Ohio lawyer, as he testified from the witness stand in this hearing, the court is convinced that the petitioners would have stood in a much more favorable position if Capelle had not undertaken their defense.

\*  \*  \*  \*  \*  \*

" * * * In short, he showed a complete lack of comprehension of the Indiana system of procedure in criminal matters. * * *

"Lunce and Reynolds were denied procedural due process within the concept and meaning of the Fourteenth Amendment to the Federal Constitution."

■ We are not unmindful of the strict test to be applied to unbridled claims of incompetence brought by prisoners against their trial counsel after incarceration for crimes has given time for bitter reflection. To allow complaints of mistake in judgment, error in

trial strategy or misconception of the law to be labeled as "incompetence" would be to open the doors to every prisoner to charge his conviction to errors of counsel. "Petitions challenging the competency of counsel, especially years after the conviction, must clearly allege such a factual situation which if established by competent evidence would show *the representation of counsel was such as to reduce the trial to a farce or a sham. Otherwise, they should be dismissed.*" (Our emphasis.) United States ex rel. Feeley v. Ragen, 7 Cir., 1948, 166 F.2d 976, 981.

■ Likewise, federal courts should be slow to disturb the judgments of state courts and should seek to accord them the deference and respect to which they are generally entitled. However, this may not "preclude review by way of federal habeas corpus of important federal questions raised by persons held in state custody." Lunce v. Overlade, 7 Cir., 1957, 244 F.2d 108, 111.

■■ Having previously held this to be a proper case for habeas corpus requiring a hearing by the district court, we issued a mandate to that court. The hearing has been held in compliance with that mandate and the district court has made its findings and entered an order therein. Such being the instant situation, our function in review is limited to a determination of whether the findings are clearly erroneous. Hunter v. Dowd, 7 Cir., 1952, 198 F.2d 13, 17; Paul v. Waters, 10 Cir., 1953, 204 F.2d 510. We have considered the entire record with great care and deliberation and have concluded that the findings are not clearly erroneous. This is not to say, necessarily, that we might or might not have reached the same result on the same evidence. It is to say that, under the narrow confines of this case, we should not now substitute our judgment for that of the district court, in the absence of clear error. This appeal cannot become a trial *de novo* on the evidence submitted below. In so holding we have not, in any way, enlarged rights heretofore granted to prisoners held in state custody.

We have considered the many propositions advanced by respondent and find them all to have been resolved in our determination of the scope of our review of the order under consideration.

The order of the district court is

Affirmed.