## WILLIAMS v. THE STATE.

[No. 20,587.    Filed November 15, 1905.]

1. APPEAL AND ERROR.—*Criminal Law.—Weighing Evidence.*—
The Supreme Court will not reverse a criminal case on the weight of the evidence, nor because of a conflict therein, nor because diverse inferences may be drawn from the facts proved. p. 473.

2. LARCENY.—*Title.—Finder of Money.*—The finder of a pocketbook containing money is the substantial owner thereof as against anyone except the true owner.  p. 475.

3. SAME. — *Title. — Possession. — Fraud.* — Where the title and possession of property have passed, though such passage was induced by the fraud of the transferee, the subsequent conversion of the property so vested by such transferee does not constitute larceny.  p. 475.

4. SAME. — *Possession. — Fraud in Obtaining. — Conversion.* — Where defendant, with a design to steal property, obtains possession of same by fraud, and afterwards converts same, he is guilty of larceny.  p. 476.

5. SAME. — *Property in Defendant's Possession. — Conversion.* — Where defendant has the bare custody of goods, the legal possession thereof is in the owner, and the defendant, if he fraudulently converts same, is guilty of larceny.  p. 476.

6. SAME. — *Possession. — Fraudulent Conversion.* — Where the finder of a purse containing money delivers it to defendant's wife upon the representation by such wife that it was probably defendant's, but that if it was not it would be returned, and defendant afterwards falsely claimed it to be his and converted the money, he is guilty of larceny.  p. 477.

7. SAME.—*False Pretenses.—Distinction.*—The fact that the owner intends to part with the title to property marks the distinction between larceny and false pretense.  p. 478.

8. APPEAL AND ERROR.—*Felonious Intent.—Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence on the question of felonious intent.  p. 478.

From Spencer Circuit Court; *Elbert M. Swan,* Judge.

Prosecution by the State of Indiana against Jonah Williams.  From a judgment of conviction, he appeals. *Affirmed.*

*Logsdon, Chappell & Veneman* and *Emory L. Boyd,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

MONKS, C. J.—Appellant was indicted, tried and convicted of the crime of grand larceny, for feloniously stealing $115 in money of the personal property of William Raibley. Over a motion for a new trial, judgment was rendered on the verdict.

The only error properly assigned and not waived calls in question the action of the court in overruling appellant's motion for a new trial.

It is claimed by appellant that the verdict is contrary to the law and the evidence. There was a sharp conflict in the evidence, and appellant's brief seems to proceed upon the theory that this court will weigh the evidence. It is well settled that this court can not reverse a case upon the weight of the evidence, nor for the reason that there is a conflict, nor for the reason that all persons might not draw the same inferences from the facts proved. This rule was fully considered by this court, and the reasons therefor stated, in *Deal* v. *State* (1895), 140 Ind. 354; *Lee* v. *State* (1901), 156 Ind. 541, 546; *Lake Erie, etc., R. Co.* v. *Stick* (1896), 143 Ind. 449, 456; *Hire* v. *State* (1896), 144 Ind. 359, 361; *Lankford* v. *State* (1896), 144 Ind. 428, 434; *Robb* v. *State* (1896), 144 Ind. 569, 570; *Hinshaw* v. *State* (1897), 147 Ind. 334, 349.

Appellant further insists that, even if all the evidence against appellant is true, it does not prove the crime of larceny, because the essential element of felonious intent at the time of the taking was not established. To determine this question we are required to look alone to that part of the evidence which tends to establish the felonious intent charged in the indictment. It appears from the evidence

that on Sunday, November 8, 1903, as Alice Schisler was going from church to her home she found a lead-colored purse on the public highway, about one foot outside the wagon track. The place where she found the purse was between the bridge on the highway and a cornfield belonging to William and Jacob Raibley. The purse contained five $20 bills, one $10 bill and one $5 bill. Nothing else was in the purse. The bills were folded together in a small wad, about as small as it could be. The purse had two sides, and the money was all on one side. After she found the money, and she and three other girls had examined and counted it, she walked over the bridge toward her home and met appellant, who lived about one hundred steps from the bridge. He was driving a horse attached to a buggy going from his home toward the bridge. Appellant did not speak to her. After she passed appellant's house, appellant's wife came out and she said to appellant's wife: "I found a pocketbook with $125 in it, if anybody inquires for one." Appellant's wife asked to see the pocketbook, and when she saw it said: "That looks like his," meaning appellant, and she said that "$125 was about the amount." At this time appellant had crossed the bridge, and his wife called to him that she (the girl, Alice Schisler) had found a pocketbook, and said: "Did you lose yours?" or, "Have you got yours?" Appellant turned around and started back. Before he came to where his wife and the Schisler girl were, his wife said to the girl that if the money was not theirs it would be given back to her, and because of this statement the girl left the purse containing the money with appellant's wife and went on home. When the money was so left by the Schisler girl, neither appellant nor his wife had claimed the money. When appellant came back his wife gave him the purse and money, and they went into the house and counted it. Immediately after the Schisler girl got home appellant came and told her that it was his money, and that he was very thankful that she gave it back to him, and offered her a new

dress or $1. The next Thursday he gave her $1. Appellant refused to return or surrender said money, but converted it to his own use. Appellant claimed that he lost said purse and money on Sunday, November 8, 1903; that the same were his property, that there were two $20 bills, one $10 bill and fifteen $5 bills—in all, $125—in the purse. At the trial he produced a purse which he testified contained the money found by said Alice Schisler. Alice Schisler and other witnesses testified that it was not the same purse found by her and left with appellant's wife. There was evidence which authorized the jury to find, as they did, that the purse and money, five $20 bills, one $10 and one $5 bill—$115—found by Alice Schisler and converted by appellant to his own use, were the property of William Raibley, and that the same had been lost the day before they were found by her, and that appellant knew that the same did not belong to him, but were owned by some one else, and that, so far as he was concerned, the finder, Alice Schisler, was the owner of said purse and money, and he fraudulently converted the same to his own use.

Appellant insists that larceny was not committed, because there is no evidence that appellant had such felonious intent when said Alice Schisler parted with the possession of said property. As against William Raibley, the real owner of said money as found by the jury, Alice Schisler acquired no title, but as against appellant, and all other persons, she became the substantial owner of said purse and money. 19 Am. and Eng. Ency. Law (2d ed.), 580; Bowen v. Sullivan (1878), 62 Ind. 281, 288, 30 Am. Rep. 172. It is true, as a general proposition, that where the owner voluntarily parts with the title to his property, although his consent is obtained by fraud, there is no larceny. And if by a delivery of goods not only the possession but the right of property also passes, no subsequent conversion by the person in whom the right of property has thus vested can be construed into larceny.

Gillett, Crim. Law (2d ed.), §540; *Perkins* v. *State* (1879), 65 Ind. 317. If the defendant, with a design to steal the property, obtains possession of it by fraud,

4. the taking is larceny, for the reason that, as the fraud vitiated the transaction and left the title in the original owner, he still retained a constructive possession of the goods, and the conversion of them by the defendant is such a trespass to that possession as makes it larceny. To bring a case within this rule there must exist at the time an *animus furandi,* an essential element of larceny. Gillett, Crim. Law (2d ed.), §540; *Crum* v. *State* (1897), 148 Ind. 401, 407; *Grunson* v. *State* (1883), 89 Ind. 533, 46 Am. Rep. 178, and cases cited; *Fleming* v. *State* (1894), 136 Ind. 149, 151, 152; *March* v. *State* (1889), 117 Ind. 547-549; note to *People* v. *Miller* (1902), 88 Am. St. 569-571.

When, however, one has the bare charge or custody of the goods of another, the legal possession remains in the owner, and the party having such bare charge or custody

5. may be guilty of larceny by fraudulently converting the same to his own use, although he had no fraudulent intent when he received them in custody. 3 Chitty, Crim. Law (Perkins's ed.), 917a, 917b; 1 Wharton, Crim. Law (10th ed.), §§956, 957, 975; 2 Clark & Marshall, Law of Crimes, pp. 698, 707-722; note to *Eggleston* v. *State* (1900), 87 Am. St. 31-35; note to *People* v. *Miller, supra,* page 575; 1 Crim. Law Mag., 556; 35 Cent. L. J., 66-68; *Colip* v. *State* (1899), 153 Ind. 584, 587, 588, 74 Am. St. 322, 324, 325; *Currier* v. *State* (1901), 157 Ind. 114, 118, 119, and authorities cited; *Holbrook* v. *State* (1894), 107 Ala. 154, 156, 18 South. 109, 54 Am. St. 65, 66, and authorities cited; *Dignowitty* v. *State* (1856), 17 Tex. 521, 67 Am. Dec. 670, 671-673; *Justices, etc.,* v. *People, ex rel.* (1882), 90 N. Y. 12, 43 Am. Rep. 135, and cases cited, and note pages 137, 138; *People* v. *Call* (1845), 1 Denio 120, 43 Am. Dec. 655, and cases cited; *Brown* v. *People* (1894),

20 Colo. 161, 165, 166, 36 Pac. 1040; *People* v. *Martin* (1898), 116 Mich. 446, 74 N. W. 653, 46 Cent. L. J., 450, and note page 452; *State* v. *Anderson* (1878), 25 Minn. 66, 33 Am. Rep. 455; 18 Am. and Eng. Ency. Law (2d ed.), 473-476. In *People* v. *McDonald* (1870), 43 N. Y. 61, it was said: "If money, or property, is delivered by the owner to a person for mere custody, or charge, or for some specified purpose, the legal possession remains in the owner, and the criminal conversion of it by the custodian is larceny." In *Smith* v. *People* (1873), 53 N. Y. 111, 13 Am. Rep. 474, it was held: "When the delivery of goods is made for a certain special and particular purpose, the possession is still supposed to reside, not parted with, in the first proprietor." It is said in 2 Bishop, New Crim. Law (8th ed.), §824: "Where any person, whether servant or not, has the bare charge or care of another's effects, 'the legal possession,' observes East, 'remains in the owner; and the party may be guilty of trespass and larceny in fraudulently converting the same to his own use.' "

It is evident that when Alice Schisler delivered the purse and money to Mrs. Williams, appellant's wife, she did not intend to part with her title to said property as finder, but merely left the same with Mrs. Williams for her husband to examine, under the agreement that, if it was not the property of her husband, it was to be returned to Alice Schisler. Under this arrangement appellant's wife had the mere charge or custody of said property; the legal possession remaining in Alice Schisler. When appellant received the money from his wife and counted it and retained it under a claim that he was the true owner thereof, when in fact it was not his property, as the jury found, the title of the finder—which was good as against appellant—and the legal possession still remained in Alice Schisler. When, therefore, appellant fraudulently converted said property to his own use, the offense, under the

above well-recognized rules, was larceny, and not that of obtaining money under false pretenses. The fact that the owner intends to part with the title to the property, and not merely the possession, marks the distinction between larceny and false pretense. Note to *People* v. *Miller, supra,* page 572; *Zink* v. *People* (1879), 77 N. Y. 114, 33 Am. Rep. 589; *Loomis* v. *People* (1876), 67 N. Y. 322, 329, 23 Am. Rep. 123.

That the evidence upon the subject of felonious intent, as well as the evidence in support of all the other essential elements of the crime charged is conflicting, affords the court no ground for disturbing the judgment of the trial court, is settled by the decisions of this court. *Lee* v. *State* (1901), 156 Ind. 541; *Bradley* v. *State* (1905), *ante,* 397.

Judgment affirmed.