## VICKERY, ADMINISTRATRIX, v. HARDIN ET AL.

[No. 11,102. Filed February 3, 1922.]

1. FINDING LOST GOODS.—*Treasure-Trove.—Rights of Finder.*— Where a workman, employed to excavate a cellar under an old house, discovered about five inches below the surface an earthen jar containing a quantity of gold coin, *held* that, as against the owner of the land and as against the heirs of one claimed to have secreted the money, the workman was entitled thereto as treasure-trove; treasure-trove being any gold or silver, in coin or bullion, found concealed in the earth or in a house or other private place, but not lying on the ground, the owner of the

treasure being unknown, since, in the absence of legislation, the title to such property belongs to the finder as against all the world except the true owner.   p. 562.

2.   FINDING LOST GOODS.—*Finding Treasure-Trove.—Rights of Owner of Land.*—The owner of the soil in which treasure-trove is found acquires no title thereto by virtue of his ownership of the soil.   p. 562.

3.   NEW TRIAL.—*Grounds.—Newly-Discovered Evidence.—Sufficiency.*—A court will not grant a new trial on the ground of newly-discovered evidence unless there is a reasonable certainty that such evidence will bring about a different result in the event a new trial is had.   p. 563.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Clara Freeman Vickery, administratrix de bonis non of the estate of Henry C. Freeman, deceased, against Horace L. Hardin, in which Leo Todd, by next friend, and John C. Hardin were admitted as parties. From a judgment for Leo Todd, the plaintiff appeals. *Affirmed.*

*Horace G. Yergin* and *George D. Forkner,* for appellant.

*Barnard & Barnard, Horace L. Hardin* and *John C. Hardin,* for appellees.

NICHOLS, J.—Petition by appellant charging that appellee Horace L. Hardin had in his possession $1,325 in gold coin of the United States which belongs to the estate of her decedent and asking that he show cause why the same should not be turned over to appellant to be inventoried as assets of said estate.   This money was found in an earthern jar which was dug up while an excavation was being made for a cellar under an old house on the farm of appellee John C. Hardin and was found by appellee Leo Todd, who was a workman on said work, which was being done under the direction and supervision of appellee Horace L. Hardin, he being present at the time.   The farm and old house had been occupied up to about thirty years ago by Rachel Charles-

worth who after the death of her first husband, George Charlesworth, married appellant's decedent and died leaving him as her only heir, it being claimed by appellant that said money had been buried by said Rachel.

Appellee Horace Hardin filed a general denial. Appellee Leo Todd was admitted as a party on petition and filed a cross-complaint claiming ownership of said coin as the finder thereof, he having dug up and discovered the jar containing the gold coin involved while excavating a cellar on the farm of John C. Hardin which gold coin had been concealed beneath the surface by some person unknown. Appellee John C. Hardin was admitted as a party on petition and filed a cross-complaint claiming said coin by reason of his being owner of the land on which it was found.

The cause was submitted to the court without the intervention of a jury and resulted in a finding and judgment in favor of appellee Leo Todd.

Appellant and appellee John C. Hardin, each rely for reversal upon alleged error of the trial court in overruling their respective motions for a new trial.

Appellant's reasons for a new trial are that the decision of the court is contrary to law; the decision of the court is not sustained by sufficient evidence; and newly-discovered evidence material to her action. Neither of the motions for a new trial of appellees Hardin are set out in the briefs.

It appears by the evidence that appellee Leo Todd was helping to dig a cellar on the Hardin farm and that on May 19, 1920, he found the money in question, in a stone jar with a rock over the top of it about five inches under ground, under the house and about the middle of it; that it consisted of $1,325, in gold in five, ten and twenty dollar gold pieces, and that the sheriff authorized Horace L. Hardin to take it to the bank and leave it until it was settled by law.

Said appellee Todd had been working there about thirty days before he found the gold; he had been plowing, and was employed to do whatever kind of work there was to do on the farm.

The history of the occupation of the real estate upon which the coin was found, so far as here involved, is given by appellee Horace L. Hardin, and is substantially as follows:

At the time, the farm belonged to appellee John C. Hardin, who had owned it for about twenty years having bought it of the heirs of Henry C. Freeman. Said Freeman and his wife lived there before said Hardin bought it. This Mrs. Freeman's name was Mitchel before she married Freeman, and before Freeman and the Mitchel wife lived there, George Charlesworth and his wife whose name was Rachel, lived there. Before Hardin purchased the farm no one lived there after George Charlesworth's death, except his widow, Rachel Charlesworth, and Henry C. Freeman and his wife who was a Mitchel, and except people who had come to work for them. They were in sole possession of the farm. The house under which the coin was found was the one in which Henry C. Freeman and Rachel Charlesworth, who afterwards became the wife of said Freeman, lived.

It was agreed by the parties in open court that Rachel Freeman at the time of her death was the owner of the real estate upon which the money in dispute was found; that she died in the year 1888, that she had been the owner of said land since the year 1855, and that since 1870 until her death, she had resided upon said land. The said Rachel Freeman died leaving surviving her her husband, Henry C. Freeman, but no children and no father or mother and Henry C. Freeman died February, 1899, leaving as his only heirs his widow and three daughters. The foregoing discloses the occupancy of

the land from before the year 1878, which date was on one of the coins, except that it does not appear as to when George Charlesworth died. There was evidence as to the habits and money transactions of Rachel Charlesworth, afterward Freeman, given as circumstantial evidence tending to show her ownership of the buried coin. There was no evidence of the habits or financial transactions of George Charlesworth or as to whether he lived after 1878. There was no evidence of the habits or financial transactions of the Mitchell wife of Freeman or how long she occupied the farm after her husband's death. All these matters, we must presume, were considered by the trial court before it made its finding herein against appellant, and this court will not disturb it, unless it is contrary to law.

The question here presented involves the law of treasure-trove which is defined as any gold or silver, in coin or bullion, found concealed in the earth or in a

1. house or other private place, but not lying on the ground, the owner of the treasure being unknown. The rule as to such property, in this country, in the absence of legislation, is that the title belongs to the finder as against all the world except the true owner, the principle being the same as to lost property. *Weeks* v. *Hackett* (1908), 104 Me. 264, 71 Atl. 858, 19 L. R. A. (N. S.) 1201, 129 Am. St. 390, 15 Ann. Cas. 1156; *Danielson* v. *Roberts* (1904), 44 Ore. 108, 74 Pac. 913, 65 L. R. A. 526, 102 Am. St. 627. The owner of the soil in which treasure-trove is found acquires no

2. title thereto by virtue of his ownership of the soil. *Weeks* v. *Hackett, supra;* note, 15 Ann. Cas. 1156, 19 L. R. A. (N. S.) 1201; 17 R. C. L. 1200; *Bowen* v. *Sullivan* (1878), 62 Ind. 281, 30 Am. Rep. 172 note; *Williams* v. *State* (1905), 165 Ind. 472, 75 N. E. 875, 2 L. R. A. (N. S.) 248n.

We do not regard the newly-discovered evidence of such force as to justify the court in granting a new trial. It was circumstantial and cumulative in its nature to other evidence, which was itself circumstantial, and after a court had heard it there still must have been a doubt as to the original ownership of the coin. Before a court will grant a new trial for newly-discovered evidence there must be reasonable certainty that such evidence will bring about a different result. *Franklin* v. *Lee* (1901), 30 Ind. App. 31, 62 N. E. 78.

We find no reversible error. The judgment is affirmed.